IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-824-WYD-CBS

PAUL FOX,

    Plaintiff(s),

v.

LINDA HINRICHS, As Adams County, Colorado Zoning Inspector,

    Defendant(s).
_____

**ORDER AFFIRMING AND ADOPTING
UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION**
_____

I.    <u>INTRODUCTION AND FACTUAL BACKGROUND</u>

THIS MATTER is before the Court on Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), filed June 8, 2005 ("Motion to Dismiss"), which was referred to Magistrate Judge Craig B. Shaffer by Order of Reference dated may 12, 2005.  Plaintiff, appearing *pro se*, brings this action against Defendant Linda Hinrichs in her official capacity as zoning inspection for the County of Adams, State of Colorado. In his Complaint, Plaintiff alleges that on May 6, 2005, Defendant obtained an Administrative Entry and Seizure Warrant based on false information that was then executed on May 7, 2005.  Plaintiff alleges that during execution of the warrant Defendant seized personal property not listed in the warrant including yard signs containing political messages.  According to Plaintiff, none of seized property was visible from the street, and all of the property seized by Defendant was delivered to a

dump to be destroyed.

Plaintiff brings claims under 42 U.S.C. § 1983 for violation of his constitutional rights to due process and liberty under the Fifth Amendment, equal protection under the Fourteenth Amendment, and free speech under the First Amendment, as well as a state law claim for outrageous conduct.  Defendant moved to dismiss all of Plaintiff's claims.  Magistrate Judge Shaffer issued a Recommendation on Defendant's Motion to Dismiss on August 8, 2005, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1. In his Recommendation, Magistrate Judge Shaffer recommends that "the Motion to Dismiss be granted, and that this civil action be dismissed with prejudice." Recommendation at 1-2.  Magistrate Judge Shaffer further recommends that "Defendant's Motion to Stay Discovery on Grounds of Governmental Immunity" be denied as moot.  *Id.* at 2.  On August 18, 2005, Plaintiff filed a timely Objection to the Recommendation, which necessitates a <u>de novo</u> determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

II.     <u>ANALYSIS</u>

Plaintiff first objects to the Recommendation's dismissal of his due process claims, and contends that he has alleged facts sufficient to support claims for violation of both his substantive and procedural due process rights.  Plaintiff states that some of the items removed by Defendant were not listed in the seizure warrant, and that "by depriving the plaintiff of the possession of his property without a warrant, [Defendant]

also deprived plaintiff of substantive due process." As an initial matter, it is unclear whether Plaintiff alleged a substantive due process claim in his Complaint. In the Motion to Dismiss, Defendants characterized Plaintiff's due process claim as a procedural due process claim, and Plaintiff did not object to that characterization in his Response to the Motion to Dismiss. In any event, I find that Plaintiff's Complaint does not contain allegations sufficient to sustain a substantive due process claim because Plaintiff has not demonstrated the challenged government action would "'shock the conscience' of federal judges." *Uhlrig v. Harder*, 64 F.3d 567, 573 (10th Cir. 1995) (quoting *Collins v. City of Harker Heights Tex.*, 503 U.S. 115, 126 (1992). "To satisfy the 'shock the conscience' standard, a plaintiff must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." *Id.* at 574. This standard requires a "high level of outrageousness, because the Supreme Court has specifically admonished that a substantive due process violation requires more than an ordinary tort." *Id.* If find that Plaintiff has not satisfied this high standard in this case, and any substantive due process claim he may have alleged should be dismissed.[1]

Plaintiff objects to the Magistrate Judge's dismissal of his procedural due

---

[1] In the section of his Objection entitled "Substantive Due Process" Plaintiff states for the first time that "[t]he allegations contained in plaintiff's complaint were sufficient to show that defendant had taken the property of plaintiff in violation of Amendment IV of the Constitution of the United States." Plaintiff's Complaint makes no reference to the Fourth Amendment and neither Defendant's Motion to Dismiss nor the Recommendation contain any analysis of Fourth Amendment issues. Therefore, I need not address Plaintiff's Fourth Amendment argument, raised for the first time in his Objection, in this Order. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

process claim based on his assertion that Defendant used of false information to obtain the seizure warrant.  Plaintiff contends Defendant "furnished false dates to the state judge" but does not specify which dates or explain how the allegedly false dates would have impacted the issuance or execution of the seizure warrant.  In order to proceed with his procedural due process claim, Plaintiff must show "(1) a protected property interest and (2) an appropriate level of process." *Bartell v. Aurora Public Schools*, 263 F.3d 1143, 1149 (10th Cir. 2001).  Plaintiff does not object to Magistrate Judge Shaffer's finding that the Blight Ordinance at issue requires pre-deprivation notice to the property owner and establishes a procedure for obtaining an administrative entry and seizure warrant," nor does Plaintiff object to Magistrate Judge Shaffer's conclusion that he had the opportunity to request a formal sufficiency hearing prior to deprivation of his property and failed to do so.  Even assuming Plaintiff could show a protected property interest, I find that the seizure of Plaintiff's property was accomplished in accordance with adequate procedural due process protections, and I agree with Magistrate Judge Shaffer's conclusion that Plaintiff failed to state a claim for violation of his procedural due process rights.

   I next address Plaintiff's objection to Magistrate Judge Shaffer's dismissal of his First Amendment claim, which is based on Defendant's removal of his signs.  Plaintiff does not dispute that his signs were not posted at the time they were seized, but claims that seizure of these signs is "only one instant [sic] of a series of actions of harassment of plaintiff by county administrators and officers."  Plaintiff does not object, however, to Magistrate Judge Shaffer's conclusion that the Blight Ordinance, pursuant to which is

signs were seized, is not overbroad, nor does Plaintiff contest Magistrate Judge Schaffer's finding that he was not using the signs as a form of expression at the time they were seized. Therefore, I find that Defendant's removal of non-posted signs on private property did not violate Plaintiff's First Amendment rights.

Finally, I address Plaintiff's objection to dismissal of his equal protection claim based on Plaintiff's failure to demonstrate a "purposeful, discriminatory motive" on the part of Defendant. In his Objection Plaintiff asserts that he is a member of a protected class because "defendant's supervisor once told plaintiff . . . that county officials had a right to treat plaintiff differently from other residents." Plaintiff states that he is prepared to present evidence of this differential treatment. However, in order to sustain an equal protection claim, Plaintiff must demonstrate more than differential treatment, he must also allege that Defendant acted with discriminatory intent. *Bartell*, 263 F.3d at 1149 (quoting *Snowden v. Huges*, 321 U.S. 1, 8 (1944)). To establish discriminatory intent, Plaintiff must show that Defendant's actions were not only willful, but were taken with some purposeful, spiteful motive "wholly unrelated to any legitimate state objective." Plaintiff's Objection refers only to alleged differential treatment. Therefore, his equal protection claim must be dismissed.

Accordingly, for the reasons stated above, it is

ORDERED that the Recommendation of August 8, 2005, is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), filed June 8, 2005, is **GRANTED**, and the case is **DISMISSED WITH**

**PREJUDICE**, each party to pay their own costs and attorneys fees.  It is

FURTHER ORDERED that Defendant's Motion to Stay Discovery on Grounds of Governmental Immunity, filed June 8, 2005, is **DENIED AS MOOT**.

Dated:  March 14, 2006

BY THE COURT:
s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge